**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANDI GEORGESCU, SHERRI GEORGESCU,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO HOME MORTGAGE, dba AMERICA'S HOME SERVICING COMPANY, a division of Wells Fargo Bank N.A. and NATIONAL DEFAULT SERVICING CORPORATION, and DOES I through X inclusive, DOE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No.: 2:10-cv-01744-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#5; Motion to Strike Improper Sur-Reply–#15) |

  Before the Court is Wells Fargo Bank, N.A., d/b/a America's Servicing Company's (collectively, "Wells Fargo") **Motion to Dismiss** (#5), filed October 14, 2010. The Court has also considered Plaintiffs Andi Georgescu and Sherri Georgescu's Opposition (#10), filed October 22, 2010, and Wells Fargo's Reply (#12), filed November 1, 2010.

  Also before the Court is Wells Fargo's **Motion to Strike Plaintiffs' Improper Sur-reply** (#15), filed November 15, 2010.

///

1

**BACKGROUND**

This dispute arises from Plaintiffs' attempts to stop the non-judicial foreclosure proceedings on their home. In June 2006, Plaintiffs purchased the property located at 5520 Roaring Wind Court, North Las Vegas, Nevada 89031.[1] (Dkt. #6, Req. for Jud. Notice.) Plaintiffs executed a deed of trust with a mortgage lender, BNC Mortgage, Inc, who was not named in this action. Although Wells Fargo was not a party to the deed of trust, it later acted as a servicer of Plaintiffs' mortgage loan. Plaintiffs allege that Defendants failed to comply with the mandatory requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602(aa) ("HOEPA"), and 12 C.F.R. § 226 ("Regulation Z"). Plaintiffs also claim that they served a recision notice on Defendants in an effort to rescind and cancel the deed of trust and mortgage loan related to their property. (Dkt. #1, Pet. for Removal Ex. A, Pls.' Compl. ¶ 7.)

Plaintiffs ultimately defaulted on their mortgage obligations under the deed of trust. A notice of default and election to sell was recorded against Plaintiffs' property on September 7, 2010. On September 17, 2010, Plaintiffs filed their complaint in the Eighth Judicial District Court of the State of Nevada alleging the following causes of action: (1) cancellation of recorded trust deed, loan and promissory note previously rendered void by operation of law, and (2) preliminary and permanent injunction. On October 8, Wells Fargo timely removed the case to this Court on the basis of diversity and federal question jurisdiction. Wells Fargo has now filed motions asking the Court to dismiss Plaintiffs' complaint and strike Plaintiffs' sur-reply. For the reasons discussed below, the Court grants Wells Fargo's motions.

///

///

---

[1] The Court takes judicial notice of Plaintiffs' deed of trust filed with the Clark County Recorders Office. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 (9th Cir. 2004) (A district court may take judicial notice of a public record or report of a state agency or administrative body that is not subject to reasonable dispute).

AO 72
(Rev. 8/82)

**DISCUSSION**

**I.      Motion to Strike**

On November 3, 2010, Plaintiffs filed a second response to Wells Fargo's Motion to Dismiss and Reply without leave of court. (Dkt. #13.) Rule 7-2(a)-(c) of the Local Rules of Practice allows a motion, a response, and a reply. No authorization exists in either the Local Rules or the Federal Rules of Civil Procedure for parties to file a second reply, commonly known as a sur-reply. *See, e.g.*, *Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). Sur-replies such as Plaintiffs' are therefore improper. Accordingly, the Court grants Wells Fargo's motion and strikes Plaintiffs' sur-reply.

**II.     Motion to Dismiss**

**A.     Legal Standard**

A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, a district court must consider

whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

**B.     Analysis**

Plaintiffs allege that Defendants failed to comply with the mandatory requirements of TILA, HOEPA, and Regulation Z. Furthermore, because Defendants failed to respond to their recision notice, Plaintiffs assert that their trust deed, loan, and promissory note are now rendered void by operation of federal law. Plaintiffs in this case also claim—the same as plaintiffs in hundreds of previous foreclosure actions before this Court—that Defendants have failed to show that they are the holder of the note, Mortgage Electronic Recording Services has no standing in a foreclosure case, and the Defendants have unlawfully initiated foreclosure proceedings on their property. The Court is very familiar with these typical assertions. However, Plaintiffs' conclusions run contrary to established and controlling case law in Nevada.

First, Nevada law articulates the procedures by which a trustee or their agent may initiate non-judicial foreclosure proceedings. NRS § 107.80(2)–(4). This Court has previously held, in numerous decisions, that NRS § 107.080 does not require the foreclosing entity to produce the original note to validate the foreclosure proceedings. *See, e.g.*, *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1282–83 (D. Nev. 2010); *Birkland v. Silver State Fin. Services, Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372 (D. Nev. Aug. 25, 2010); *Gomez*

*v. Countrywide Bank, FSB.*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650 (D. Nev. Oct. 26, 2009). Plaintiffs' notice of default and election to sell plainly states that Wells Fargo and National Default Servicing Corporation were acting as agents. Plaintiffs do not argue that they did not default on their mortgage or that they did not receive the statutory notifications. Therefore, Plaintiffs' assertion that Defendants are unlawfully administering foreclosure proceedings fails as a matter of law.

Second, Plaintiff's trust deed, loan, and promissory note have not been rendered void by operation of federal law. TILA provides homeowners with certain private rights of action based on violations of federal regulations, including HOEPA and Regulation Z. TILA requires that plaintiffs bring damages claims within one year of the date of the loan transaction. 15 U.S.C. § 1640(e). In this case, Plaintiffs purchased their property in June 2006. Thus, any damages claim was time barred after June 2007. The TILA rescission remedy is available for three years, *see* 15 U.S.C. § 1635(f), meaning that Plaintiffs rescission claim was time barred after June 2009. But even if the action was not time barred, recision is only available where a borrower is willing and able to tender the balance on the promissory note, *see Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976), which clearly is not the case here since Plaintiffs are still seeking a loan modification.

Additionally, the TILA rescission remedy "does not apply to ... a residential mortgage transaction as defined in section 1602(w)." § 1635(e). "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." § 1602(w). In other words, the right to rescind under TILA would exist only if the property had not itself been the security for the loan obtained to purchase the property. *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1286 (D. Nev. 2010); *In re Schweizer*, 354 B.R. 272 (Bankr. D. Idaho 2006). Here, Plaintiffs obtained their loan in order

5

1  to finance the purchase of the same residence that was used as collateral.  Therefore, Plaintiffs
2  were unable to exercise a TILA rescission remedy, and their trust deed, loan, and promissory were
3  not rendered void by operation of federal law.  Because Plaintiffs' claim for cancellation of the
4  trust deed fails, the Court must also dismiss their claim for preliminary and permanent injunction.
5  Accordingly, the Court dismisses Plaintiffs' claims against Wells Fargo.

6  **III.     Plaintiffs' Claims Against National Default Servicing Corporation**

7      **A.     Clerk's Entry of Default**

8      Obtaining a default judgment is a two-step process governed by Federal Rule of
9  Civil Procedure.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  "When a party against
10 whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that
11 failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P.
12 55(a).  Although entry of default by the clerk is a prerequisite to an entry of default judgment, "a
13 plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right."
14 *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation
15 omitted).  Instead, a district court "may set aside an entry of default for good cause ...."  Fed. R.
16 Civ. P. 55(c).

17     On March 21, 2011, the Clerk of the Court filed an Entry of Default (#30) against
18 National Default Servicing Corporation.  However, Plaintiffs' Motion for Entry of Clerks Default
19 did not contain an affidavit of service in accordance with Rule 55(a).  Furthermore, Plaintiffs'
20 complaint fails to state valid claims against any named Defendant.  The Court therefore sets aside
21 the Entry of Default (#30).

22     **B.     *Sua Sponte* Dismissal**

23     A district court may dismiss claims *sua sponte* pursuant to Rule 12(b)(6), without
24 notice, where a claimant could not possibly win relief.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d
25 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)).  The remaining
26 Defendant National Default Servicing Corporation has not appeared to defend against Plaintiffs'

AO 72
(Rev. 8/82)

claims. Nonetheless, the Court *sua sponte* dismisses this Defendant from this lawsuit and closes this case because Plaintiffs have failed to state a valid claim against any Defendant. Accordingly, the Court concludes that it is in the interest of justice and judicial economy to dismiss the remaining Defendant and close this case.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Wells Fargo's Motion to Dismiss (#5) is GRANTED.

IT IS FURTHER ORDERED that Wells Fargo's Motion to Strike Plaintiffs' Improper Sur-reply (#15) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court set aside the Entry of Default (#30) and close this case.

Dated: March 23, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**